UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20182-CIV-SEITZ/O'SULLIVAN

ALBERT HOLLAND,

      Petitioner,

v.

STATE OF FLORIDA

      Respondent.
_____/

## ORDER FOLLOWING NOVEMBER 18, 2010 STATUS CONFERENCE REQUIRING FILING OF AMENDED PETITION AND SETTING BRIEFING SCHEDULE

THIS MATTER is before the Court on remand of this action from the Eleventh Circuit Court of Appeals "for fact finding and further proceedings – including, if it is necessary, an evidentiary hearing – consistent with the Supreme Court's instructions," and following a Status Conference on November 18, 2010. The question before the Court is whether Petitioner Albert Holland ("Holland") was subject to extraordinary circumstances that prevented him from timely filing his Petition.[1] To address this question, the Court required the Parties to file a stipulation as to the agreed and disputed facts relevant to equitable tolling. The Parties have stipulated to the exact same set of facts presented to this Court in previous proceedings and to the Supreme Court. As discussed at the Status Conference, given the Parties' stipulation as to the undisputed facts [DE-106], and Respondent's failure to submit any additional record evidence despite the Order

---

[1] Because the Supreme Court held that Petitioner Holland was diligent in his pursuit of federal habeas relief, this Court must only address whether the record shows that he was subjected to extraordinary circumstances. 130 S. Ct. 2549, 2565 ("we conclude that the District Court's determination [that Holland was not diligent] must be set aside").

1

requiring the filing of supporting evidence to the extent that the Parties wished to present additional facts to the Court on remand, the Court need not hold an evidentiary hearing to resolve whether equitable tolling is appropriate.

Holland filed his *pro se* Petition on January 19, 2006 (DE-1), which was thirty-seven days after the expiration of the statute of limitations on December 13, 2005.[2] Holland filed his Petition the day after he learned of the mandate issued by the Florida Supreme Court denying his post-conviction appeal. (DE-106, Stipulation of Facts, page 7). Upon review of the Supreme Court's June 14, 2010 opinion, the Parties' stipulation of facts, and authority addressing the circumstances in which attorney malfeasance can trigger equitable tolling of the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court finds that equitable tolling of the statute of limitations is warranted such that Holland shall proceed on the merits of his Petition For Writ Of Habeas Corpus under 28 U.S.C. § 2254.

Equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Bost v. Federal Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). However, a federal habeas petitioner is entitled to equitable tolling when he shows that he has been pursuing his rights diligently and "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A "garden variety claim of excuseable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Id.* at 2564 (citation

---

[2] Holland's judgment and conviction became final on October 1, 2001. He filed his application for post-conviction relief in state court on September 19, 2002, 353 days later, which left twelve days on the AEDPA statute of limitations. The Florida Supreme Court issued the mandate on its denial of Holland's post-conviction motion on December 1, 2005, which set the expiration of the statute of limitations at December 13, 2005. 130 S. Ct. at 2555.

omitted). However, "at least sometimes, professional misconduct that fails to [amount to bad faith, dishonesty, divided loyalty, mental impairment, or the like] could nonetheless amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id.* at 2563.

The Supreme Court has stated that this case "does not involve ... a 'garden variety claim' of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct." *Id.* at 2564. The record reflects that Collins sufficiently maintained contact with Holland during the preparation and filing of Holland's state post-conviction motion at the trial court level. (DE-46, April 27, 2007 Order at page 7).[3] However, based on the record before the Court, Collins effectively abandoned Holland in the months leading up to the Florida Supreme Court's rejection of Holland's post-conviction appeal, the event that set the clock running on the remainder of the AEDPA limitations period. Neither the Parties' stipulation nor the record reflect any correspondence or other form of communication from Collins between January 9, 2004 and January 18, 2006, and Collins did not respond to at least two reasonable written requests from Holland in March 2005 and June 2005 asking Collins to prepare and have ready to file in a timely manner a petition for writ of habeas corpus in federal court. (*See, e.g.,* Stipulation of Facts, pages 5 through 7).[4]

---

[3] The record shows that Collins wrote Holland letters shortly after May 30, 2002, then on December 23, 2002 and January 22, 2003 (DE-107-1, at pages 61-73), all updating Holland on the status of the case and discussing a strategy for how to proceed. On January 9, 2004, Collins also mailed Holland a copy of a petition for writ of habeas corpus filed in the Florida Supreme Court. (DE-38, at pages 32 and 37).

[4] At the November 18, 2010 Status Conference, the State represented that it had evidence to supplement the Parties' factual stipulation that would contradict the Supreme Court's account of Collins's communications with Holland – namely, billing records suggesting Collins sent more letters to Holland than this Court and the Supreme Court have previously recognized, and evidence that a private investigator visited Holland frequently during the early pendency of Holland's state post-conviction motions. The State had an opportunity to collect and submit this evidence when this Court first considered whether the statute of limitations should be equitably tolled (*see* DE-41,

The prejudice to Holland from Collins's inattention during this critical time is obvious. Holland had to know the status of his case in the Florida Supreme Court so that if his post-conviction motion was denied, he could resort to federal habeas relief. Moreover, Collins apparently never realized that the statute of limitations would begin running after the issuance of a mandate from the Florida Supreme Court (because Collins believed the statute of limitations expired before he began representing Holland), though even his own client understood the rules governing the running of the limitations period and was aware that clock began to run again after the Florida Supreme Court denied his motion for post-conviction relief. (DE-107-1, pages 78 through 80; DE-111-1, pages 66 and 67). Thus, Collins's failure to timely file a federal habeas petition did not arise from a simple arithmetical miscalculation or failure to adequately research, but an utter failure to attend to reasonable requests from the client he was obligated to represent.[5]

---

State's Sur-Reply attaching record of correspondence). Moreover, the Order requiring the stipulation directed the Parties to identify facts in their stipulation not previously placed in the record, and to file supporting evidence for those facts contemporaneously with the stipulation. (DE-94). Not only did the State not submit this evidence as ordered, it did not even mention these facts in the stipulation.

In any event, the evidence the State proffered at the Hearing would not change the Court's conclusion. The State represented that Collins's billing records indicate Collins sent Holland twelve letters between June of 2002 and January of 2004, not four letters. However, the number of letters Collins sent Holland from June 2002 through January 2004 has nothing to do with whether Collins abandoned Holland in the months leading up to the window of time where the remainder of statute of limitations ran and expired. Holland's meetings with a private investigator in 2002 and 2003 are irrelevant for the same reason. The contents of a letter Collins purportedly sent on November 16, 2005 are unknown and the State does not contend that Holland received any of these additional letters. Finally, the State does not dispute that Collins failed to respond to Holland's letters asking for an update as to the preparation of his federal habeas petition.

[5] As the Supreme Court noted, this conduct violated "fundamental canons of professional responsibility, which require attorneys to perform reasonably competent legal work, to communicate with their clients, to implement clients' reasonable requests, to keep their clients informed of key developments in their cases, and never to abandon a client." 130 S. Ct. at 2564; *see also* Fla. Bar Rule of Professional Conduct 4-1.1 ("A lawyer shall provide competent representation to a client."); Fla. Bar Rule of Professional Conduct 4-1.2 ("a lawyer shall abide by a client's decisions concerning the objective of representation ... and shall reasonably consult with the client as to the means by which they are to be pursued"); Fla. Bar Rule of Professional Conduct 4-1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Fla. Bar Rule of Professional Conduct 4-1.4 (requiring a lawyer to "keep the client reasonably informed about the status of the matter" and promptly comply with reasonable requests for information").

Courts have held that similar circumstances of abandonment can constitute extraordinary circumstances. *See Holland*, 130 S. Ct. at 3564 (listing cases); *Powe v. Culliver*, 205 Fed. Appx. 729, 734 (11th Cir. 2006) ("arguably 'extraordinary'" circumstances created by petitioner's appellate counsel's failure to send petitioner trial transcripts despite numerous requests); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003) (extraordinary circumstances exist when numerous communications to counsel are ignored and attorney failed to return case file).

Moreover, the prejudice to Holland arising from Collins's misconduct was compounded by the fact that Holland was prevented from removing Collins as his counsel by state courts. *See* 130 S. Ct. at 2555-56. On February 23, 2004, over a year after Collins had communicated with Holland in any form (other than to mail a copy of a petition filed in the Florida Supreme Court), Holland filed a *pro se* motion in the Florida Supreme Court requesting it to remove Collins and appoint substitute counsel. (DE-111 at page 30). However, on May 5, 2004, the Florida Supreme Court granted the State's request that the motion be stricken because Holland was not authorized to file a motion while represented by counsel. (DE-107-1 at pages 37-41). On June 17, 2004, Holland filed a second *pro se* motion in the Florida Supreme Court to dismiss Collins (DE-111 at page 149), which was also denied. (DE-107-1 at pages 44 through 52). The combination of the State's motions and the state court's rulings deprived Holland of an opportunity to proceed on his own behalf or with different counsel once he concluded that Collins had abandoned him.

Accordingly, even though requests for equitable tolling because of attorney misconduct are often denied because lawyers are seen as the agents of their client, *see Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (former counsel's errors were attributable to petitioner because "they

5

were his agents, and their actions were attributable to him under standard principles of agency") (citing *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991)), it is inappropriate to attribute Collins's misconduct to Holland not only because of its egregiousness, but because Holland had no way to get rid of Collins and proceed on his own. *Holland*, 130 S. Ct. at 2568 ("Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word.") (Alito, J., concurring).[6] It is truly an unusual and extraordinary circumstance when the state requires a defendant to have appointed counsel (*see* Fla. Stat. § 27.710, requiring appointment of counsel to all capital defendants in collateral actions challenging the legality of the conviction and/or sentence), then prevents that defendant from even attempting to remove appointed counsel on the ground that the defendant should not be permitted to file motions *pro se*. As a result, the Court finds that Collins's egregious misconduct, in tandem with Holland's inability to extricate himself from any prejudice caused therefrom, constituted an extraordinary circumstance that prevented Holland from timely filing his Petition in this Court.

Therefore, the Court finds equitable tolling of the limitations period to account for Collins's misconduct is appropriate and will allow this Petition to proceed on the merits. As discussed at the Status Conference, the Court will grant Holland leave to file an Amended Petition with the assistance of his new counsel. It is hereby

ORDERED THAT

---

[6] While courts such as the *Rouse* court have relied on *Coleman* to find that the agency principle precludes equitable tolling in instances of attorney error short of constitutionally ineffective assistance, the Supreme Court stated in *Holland* that *Coleman* was a case concerning whether federal courts could excuse a failure to comply with a state court's procedural rules, not about whether federal courts could equitably toll a federal limitations period. 130 S. Ct. at 1563.

(1) Petitioner shall file an Amended Petition no later than **March 4, 2011.**

(2) Respondent shall file a response to the Petition no later than **June 6, 2011.**

(3) Petitioner shall file a reply no later than **August 8, 2011**.

DONE and ORDERED in Miami, Florida, this 22nd day of November, 2010.

                                              PATRICIA A. SEITZ
                                              UNITED STATES DISTRICT JUDGE

cc:    Counsel of Record