UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No. 06-CIV-20182-SEITZ**

**ALBERT HOLLAND,**
        Petitioner,

vs.

**KENNETH S. TUCKER,**
Secretary, Florida Department of Corrections,

        Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Albert Holland's ("Mr. Holland")

Motion to Strike Respondent's Motion to Alter or Amend as Untimely [DE 139]. On April 4, 2011,

Mr. Holland filed an Amended Petition for Writ of Habeas Corpus by a Person in State Custody.

[DE 117]. The State and Mr. Holland filed a response and reply, respectively. On March 30, 2012,

the Court entered an Order granting, in part, and denying, in part, Mr. Holland's Amended Petition.

[DE 132]. Thereafter, on April 30, 2012, the State filed a Motion for Extension of Time to File

Motion to Alter or Amend pursuant to Fed.R.Civ.P. 59(e) (the "Motion"). [DE 133].   The State

sought a six day extension.  On the same day, Mr. Holland filed his Notice of Appeal. [DE 134].

On May 1, 2012, the Court granted the Motion. [DE 137].  On May 4, 2012, the State filed its

Motion to Alter or Amend pursuant Fed.R.Civ.P. 59(e) (the "Rule 59(e) Motion"). [DE 138]. This

Motion to Strike followed. [DE 139].  Subsequent to the Motion to Strike, the State has filed a

Notice of Cross-Appeal. [DE 140]. The State did not file a response to the Motion to Strike. The time for doing so has passed. For the reasons that follow, the Motion to Strike is **DENIED**.

### Rule 59(e)

A Rule 59 motion to alter the underlying judgment must be filed within 28 days after the judgment's entry. Fed.R.Civ.P. 59(e). To help preserve the finality of judgments, a court may not extend the time to file a Rule 59(e) motion. Fed.R.Civ.P. 6(b)(2). Here, when the State sought an extension of time to file its Rule 59(e) motion, it sought relief expressly prohibited by the Federal Rules of Civil Procedure. The Court inadvertently granted the Motion. Regardless of the Court's error, the State is "not entitled to rely on the district court entry of an order extending the [twenty-eight] day period for filing post-trial motions under Rules 50(b) and 59." *Jackson v. Crosby*, 375 F.3d 1291, 1298 (11th Cir. 2004)(citing *Pinion v. Dow Chem., U.S.A.*, 928 F.2d 1522, 1532 (11th Cir.1991)).

Because Rule 6(b)(2) prohibits extending the time to file a Rule 59(e) motion, the Court's granting of the State's Motion for Extension of Time to file its Motion to Alter or Amend did nothing to toll the time in which the State had to file its Rule 59(e) motion. Accordingly, the State's Rule 59(e) Motion, filed on May 4, 2012, is untimely. While the Court cannot grant the State relief pursuant to Rule 59(e), untimely Rule 59(e) motions are properly treated as Rule 60(b) motions to vacate judgment. *See Mahone v. Ray*, 326 F.3d 1176, 1177 n. 1 (11th Cir.2003)("because it was not filed within 10 days of the district court's entry of judgment, Mahone's motion is cognizable only as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)."). Treating the Motion as a Rule 60(b) motion, it is denied because it lacks merit. *See Mahone*, 326 F.3d at 1176. ("[t]his circuit, along with other circuits and the

commentators, has expressly recognized power in the district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal.")(citations omitted).

### *Rule 60(b)*

There are six possible grounds for granting a Rule 60(b) motion to vacate judgment: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief.  *See* Fed.R.Civ.P. 60(b).  The Court is limited to these grounds when considering the State's Rule 59(e) Motion, now treated like a Rule 60(b) motion.[1]  As the first five enumerated grounds do not apply to the State's arguments, the Court will review the Motion pursuant to Rule 60(b)(6).  Federal Rule of Civil Procedure 60(b)(6) allows relief from a final judgment, order, or proceeding for "any other reason that justifies relief."   However, relief under Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

The State's Motion makes three principal arguments.  The first is that the Court considered the wrong state court decision.  The State argues that the Court considered the decision of the trial court and not the decision of the Florida Supreme Court because the Florida Supreme Court ruled that Mr. Holland was denied self representation based on his mental state, and not his legal skills. ([DE 138] at 2-4).  This argument largely ignores the section of the Order

---

[1] After thorough review, the Court concludes that even under the more lenient standard of Rule 59(e), the Motion is without merit and would have been denied.  "A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001)(citations omitted).

3

entitled "**The State Court Decision**," wherein the Court cited, quoted and analyzed the opinion

of the Florida Supreme Court.  For the State to assert that the Florida Supreme Court "did not

rule that Petitioner was properly denied the right to represent himself because he did not

understand the law" is simply incorrect.  The Florida Supreme Court applied the *Johnston*[2]

factors to the facts of Mr. Holland's case and found that the trial court did not abuse its discretion

due to numerous instances of an unstable mental condition, reliance on the insanity defense, and

because "it is clear from Holland's responses to the trial court's inquiries that Holland *lacked*

*sufficient knowledge of criminal proceedings*."  *Holland v. State* 773 So.2d 1065, 1069 (Fla.

2000)(emphasis added).  The plain text of the Florida Supreme Court's decision rejects the

State's argument.  In addition, the Court also analyzed the Florida Supreme Court's decision

under the rubric of the AEDPA in the section of the Order entitled "**The State Court Decision**

**and §2254**", ([DE 132] at 54), wherein the Court found that "the Florida Supreme Court failed to

apply clearly established federal law on direct appeal." (*Id.* at 61).  The State's contention that the

Court "looked at the wrong state court decision" is baseless.

    The second argument is that because *Indiana v. Edwards,* 554 U.S. 164 (2008)

"answered" an unanswered question, there was no United States Supreme Court precedent that

the Florida Supreme Court could have unreasonably applied.[3]  This is the most persuasive of the

---

[2] *Johnston v. State*, 497 So.2d 863 (Fla. 1986).

[3] The State also asserts that "the fact that the [United States Supreme] Court itself
eventually ruled in the same manner as did a state court is clearly relevant to an application of
AEDPA deference."  ([DE 138] at 6).  However, this argument ignores legal precedent.
"'Clearly established federal law' refers to Supreme Court holdings that were in effect *at the time*
of the relevant state court decision." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th
Cir.2010)(emphasis added).

State's arguments. "Where the law at the time is unclear as to an issue, a habeas petitioner will be unable to demonstrate that it was 'clearly established.'" *See, e.g., Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1327–28 (11th Cir.2007). The State argues that because *Edwards* answered an "open question in federal law," the Florida Supreme Court could not have violated "well established law at the time of the trial." One of the flaws with this argument is that it supposes that the "open question in federal law" that was answered by *Edwards* was applicable to Mr. Holland. The Court finds that it was not.

The question that was answered by *Edwards* was, when a criminal defendant is competent to stand trial, does "the Constitution permit[] a State to limit that defendant's self-representation right by insisting upon representation by counsel at trial—on the ground that the defendant lacks the mental capacity to conduct his trial defense unless represented." *Edwards*, 554 U.S. at 174. The Court held that "the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under *Dusky*[4] but who still suffer from *severe mental illness* to the point where they are not competent to conduct trial proceedings by themselves." *Id.* at 178. (emphasis added). As previously outlined in greater detail in the Order on Mr. Holland's Amended Petition, the record does not show, indeed it rejects, that Mr. Holland was suffering from *severe mental illness* such that he would have been unable to represent himself.[5]

---

[4] "[I]t is not enough for the district judge to find that 'the defendant (is) oriented to time and place and (has) some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402 (1960).

[5] *See* Order at ([DE 132] at 9-61; 41, n.21.)

Moreover, when analyzing *Edwards*, the Court expressly stated that Mr. Edwards' mental health and competency was "markedly different" from that of Mr. Holland. ([DE 132] at 41, n.21). The Court reviewed the record and found numerous instances where the trial court specifically found that Mr. Holland conducted himself in an "eloquent manner," was "coherent and organized," functioned "properly and appropriately," and "participated in tactical decisions with counsel." ([DE 132] at 60). These findings do not place Mr. Holland in the category of the *severely mentally ill* such that *Edwards* would be implicated, even if *Edwards* were clearly established federal law. Moreover, the Florida Supreme Court's decision rested on *three distinct factors*, only one of which was mental condition; the remaining two were the assertion of an insanity defense and lack of sufficient knowledge of criminal proceedings. The clearly established federal law at the time of the state court's decision that was applicable to Mr. Holland's set of facts was *Faretta v. California*, 422 U.S. 806 (1975) and *Godinez v. Moran*, 509 U.S. 389 (1993). On direct appeal, the Florida Supreme Court twice referenced the "*Faretta* inquiries" conducted by the trial court. The Florida Supreme Court's decision was an unreasonable application of clearly established federal law.[6]

The State's final argument is that the Court failed to conduct a *de novo* review; rather, the petition was granted simply on the determination that the Florida Supreme Court's decision was unreasonable. Where a habeas court determines that a state court decision is an unreasonable

---

[6] For reasons unknown, the State consistently misstates the Court's Order. The State maintains that the Court found that "*Edwards* changed the law and somehow overruled *Godinez*," "*Edwards* changed the *Faretta* law" and found "*Edwards* as having overruled existing law." ([DE 138] at 6). To be clear, the Court found "[m]oreover, *Edwards* made clear that the United States Supreme Court had not determined the relation of the mental competence standard to the right of self-representation until 2008." ([DE 132] at 41, n. 21). The Court did not find nor did it suggest that *Edwards* overruled or changed existing law.

application of federal law under the Antiterrorism and Effective Death Penalty Act (AEDPA), it is unconstrained by deference under the AEDPA and must undertake a *de novo review* of the record. 28 U.S.C. § 2254(d)(1). Here, the Court conducted a *de novo* review of the record and made specific findings regarding Mr. Holland's multiple requests for self-representation. As an initial matter, the Court specifically found that the Florida Supreme Court "failed to apply clearly established federal law on direct appeal." ([DE 132] at 61). Next, after having found that the Florida Supreme Court's opinion was not entitled to AEDPA deference, the Court went on to determine that "the *trial judge* applied the wrong standard and denied Mr. Holland his right to self-representation based on his lack of formal legal training and knowledge of the applicable rules of evidence or procedure." (*Id.*)(emphasis added). The Court reached this conclusion after conducting an independent review of the record. This is *de novo* review.

Further, the State argues that because the Court should conduct a *de novo* review and *Edwards* is "now firmly established law in the pantheon of the *Faretta* jurisprudence," Mr. Holland "would not be entitled to habeas relief." This is not so. In the Order, the Court reviewed *Edwards* and found that Mr. Holland was not a defendant who suffers from a "severe mental illness to the point where [he is] not competent to conduct trial proceedings by [himself]" such that *Edwards* would be implicated. ([DE 132] at 41, n.21). Therefore, even if the Court had failed to conduct a *de novo* review, doing so now would not change the result.

The Court does not find that the State has met the heavy burden required for relief pursuant to Rule 60(b)(6), an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The Court finds the State's arguments are not exceptional circumstances as required by Rule 60(b)(6) and are otherwise without merit. The Motion to

7

Alter or Amend [DE 138] is **DENIED.**  The Motion to Strike [DE 139] is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 26 day of June, 2012.


PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record

8